IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-246-FL

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| PRINCESS KHADIRAH MA'AT TUPAK EL-BEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on motion to dismiss and remand (DE # 5) of plaintiff State of North Carolina ("plaintiff"). The issue is ripe for adjudication. Also before the court is the motion for preliminary injunction (DE # 11) of defendant Princess Khadirah Ma'at Tupak El-Bey ("defendant"), which is not yet ripe but the court considers the arguments therein as a supplement to defendant's response to plaintiff's motion to remand (DE # 8). For the reasons that follow, the court grants plaintiff's motion to remand and denies defendant's motion for preliminary injunction.

**STATEMENT OF THE CASE**

On July 7, 2010, defendant filed this matter with the court as a civil matter entitled "Notice of Removal from the General Court of Justice District Court Division." (DE # 1). Defendant argues that this court has jurisdiction over the matter pursuant to "28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1441(b), 28 U.S.C. § 1441(c), 28 U.S.C. § 1441(e), 28 U.S.C. § 1443(1), 28 U.S.C. § 1443(2), and/or 28 U.S.C. § 1446." (Def.'s Notice of Removal ¶ 2.) On July 15, 2010, plaintiff filed a motion to dismiss defendant's notice of removal and remand the matter to state court on the basis that this court lacks subject matter jurisdiction.

## STATEMENT OF FACTS

On November 25, 2009, defendant was stopped in Spring Lake, North Carolina, by North Carolina state highway patrol and cited for driving sixty miles per hour in a forty-five mile per hour zone. (Pl.'s Mot. to Dismiss and Mot. to Remand, Ex. 1.) Defendant's case was tried in Harnett County, North Carolina on April 9, 2010, and she was found responsible. (Id. Ex. 2.) Defendant appealed the finding of her responsibility and court records show that her trial resulted in a mistrial on June 16, 2010. (Id.) On June 16, 2010, defendant filed a notice of removal with this court alleging jurisdiction pursuant to various federal statutes as well as federal question jurisdiction. (Def.'s Notice of Removal ¶ 3). Plaintiff seeks to have the matter remanded to state court, arguing that this court lacks subject matter jurisdiction over defendant's speeding case and that the case does not implicate federal question jurisdiction. Defendant argues that this court does have jurisdiction under the Constitution of the United States and supplements her response to plaintiff's motion to dismiss and remand by asking the court to enjoin plaintiff from further prosecuting her state court case. (Def.'s Mot. for Prelim. Inj. ¶ 3.)

## ANALYSIS

A. Plaintiff's Motion to Dismiss Notice of Removal and Motion to Remand to State Court

    1. Removal Under 28 U.S.C. § 1331 and § 1441

A party may remove a case from state to federal court if the action is one over which the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over claims which arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. To determine whether plaintiff's complaint raises a federal question, "ordinarily courts look no further than the plaintiff's complaint." King v. Marriott Int'l,

2

Case 5:10-cv-00246-FL   Document 14   Filed 09/28/10   Page 2 of 6

Inc., 337 F.3d 421, 424 (4th Cir. 2003) (internal quotations omitted). Federal question jurisdiction is "limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). Nonetheless, a complaint which on its face appears to allege a state-law claim may be removed if federal law completely preempts plaintiff's state law claim or if determination of the state-law claim depends on resolution of a substantial question of federal law. See id. at 425; Bryan v. BellSouth Commc'ns, Inc., 377 F.3d 424, 429 (4th Cir. 2004).

When a party removes an action on the basis of the presence of a federal claim, 28 U.S.C. § 1367(a) provides the court with "supplemental jurisdiction over state law claims that 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Hinson v. Norwest Fin. S.C. Inc., 239 F.3d 611, 615 (4th Cir. 2001).

Defendant argues that federal jurisdiction is proper under various removal statutes, particularly several provisions of 28 U.S.C. §§ 1331, 1441, and 1443. Defendant argues that her claim involves "federal questions, such as federal criminal jurisdiction within the several States of the Union." (Def.'s Notice of Removal ¶ 3). Under the well pleaded complaint rule, plaintiff has not pled any claim arising under a federal question. The only claim at issue is plaintiff's prosecution of defendant in North Carolina state court for a speeding violation. Defendant seeks removal presumably because she intends to raise a federal defense, but that is not a proper basis for federal jurisdiction. See id.; King, 337 F.3d at 424.

Defendant also argues in her notice of removal that federal jurisdiction is proper under 28

3

U.S.C. § 1367 and § 1446. Federal jurisdiction is not proper under either of these statutes. Section 1367 provides for supplemental jurisdiction over state law claims that are part of the same case or controversy as a claim properly within federal jurisdiction. Here, there appears to be no claim at issue other than the state law prosecution pending against defendant, and this claim is not a basis for federal jurisdiction. Thus, federal jurisdiction under § 1367 is improper. Additionally, § 1446 governs the procedure for removal, and is not itself a basis of federal jurisdiction.

 2. Removal under 28 U.S.C. § 1443

Under 28 U.S.C. § 1443, removal of any case may be had where a defendant may not enforce, or is denied, equal civil rights, or an act is taken under color of authority derived from a law designed to secure equal civil rights or from refusing to do any act on the ground that it would be inconsistent with such law. See 28 U.S.C. § 1443(1) and (2). The United States Supreme Court has devised a two-prong test to use in applying § 1443,

> First it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality . . . Second, it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law . . .

Upchurch v. Wheeler, 878 F.2d 1431, 1989 WL 74875, *2 (4th Cir. Jul. 6, 1989) (citing Johnson v. Mississippi, 421 U.S. 213, 220 (1975)).

Defendant argues that federal jurisdiction is proper under § 1443. The first prong of § 1443 requires that "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality." Bald Head Assoc. v. Curnin, 2010 WL 1904268, *5 (E.D.N.C. May 10, 2010) (citing Johnson, 421 U.S. at 219). Liberally construing defendant's notice of removal, it seems defendant attempts to meet the first prong of § 1443 by

alleging violations of 18 U.S.C. §§ 241 and 242. Section 241 provides for the criminal prosecution of

> two or more persons [who] conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or if two or more persons go in disguise on the highway . . . with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured.

18 U.S.C. § 241. Alleging a violation of § 241 does not meet the first prong of the § 1443 analysis because § 241 does not contain language requiring that the conspirators act with intent to deprive the victims of equal protection of laws or include any language relating to equal rights. See Bald Head, 2010 WL 1904268 at *6. Section 242, however, provides for the criminal prosecution of one who

> under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens.

18 U.S.C. § 242. While this provision does use language that describes equal rights in terms of racial equality, defendant does not meet the second prong of the analysis that is required for removal under § 1443. Defendant has not sufficiently alleged that she cannot enforce her civil rights in state court. See Upchurch, 878 F.2d at *2 (affirming district court's remand under § 1443 when defendants did not present "concrete evidence . . . to prove . . . [they] cannot enforce their civil rights in state courts"). Defendant has not set forth any evidence that her civil rights will not protected in state court. At most, defendant has only made statements that she does not accept the jurisdiction

5

of the state superior court. (Def.'s Resp. to Pl.'s Mot. to Remand ¶ 2.)[1] Even construing defendant's allegations liberally, the court finds that defendant has not shown that her rights cannot be protected in state court, and thus federal jurisdiction is improper under 28 U.S.C. § 1443.

Accordingly, because the matter does not raise a question of federal law and jurisdiction is not proper under any of the removal statutes cited by defendant, the matter should be remanded to North Carolina state court.

B. Defendant's Motion for Preliminary Injunction

Based on the court's decision to remand this matter to state court, defendant's motion for preliminary injunction is denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand (DE # 5) is GRANTED, and defendant's motion for preliminary injunction (DE # 11) is DENIED. This case is hereby REMANDED to the Harnett County Superior Court, and the Clerk is DIRECTED to serve a certified copy of this order on the Clerk of Superior Court of Harnett County, North Carolina.

SO ORDERED, this the 28th day of September, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] On September 28, 2010, defendant filed a letter with the court (DOC # 13) in response to a summons defendant received to appear in Harnett County Superior Court on October 11, 2010. The court considers the letter as a supplement to defendant's response (DOC # 8) to plaintiff's motion to remand. The letter contests the state court's jurisdiction over defendant's case. To the extent the letter supplements defendant's filings in support of removal, it is dismissed for the reasons stated in this order.

6